*E-FILED - 4/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE RIDER, | No. C 08-0235 RMW (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

## BACKGROUND

According to the petition, a San Mateo Superior Court jury convicted petitioner of failing to register as a sex offender (Cal. Penal Code § 290). After a court trial, the superior court found that petitioner had a prior "strike" conviction pursuant to California's "three strikes" law (Cal. Penal Code § 1170.12). Petitioner was sentenced to twenty-five years-to-life in state prison and is currently serving his sentence at the Correctional Training Facility in Soledad, California. On direct appeal, the state appellate court affirmed the judgment in 2003. The state supreme court granted the petition for review, deferred further action pending a decision in another case and then transferred the

case back to the state appellate court. Again, the state appellate court affirmed the judgment. The state supreme court again granted a petition for review and transferred the case back to the appellate court with directions to vacate the appellate court's opinion. Thereafter, the appellate court affirmed the judgment on June 28, 2006. Petition, Exhibit A. The state supreme court denied a petition for review on October 18, 2006. Id., Exhibit B. The instant federal petition was filed on January 14, 2008.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief petitioner asserts that: (1) he was denied his rights to due process, to present a defense, to call witnesses in his own behalf, to present all relevant evidence, and to a jury trial where the trial court totally excluded expert opinion evidence as to petitioner's limited intelligence and ability to remember his duty to register as a sex offender; (2) he was denied his rights to due process and to a jury trial by the court's instruction that, if petitioner had knowledge of the duty to register, then his failure to register was willful, which had the effect of directing a verdict as to the wilfulness element and operated as a mandatory presumption; (3) his rights to present a defense and to a jury trial were violated by the trial court's instructions to the effect that "ignorance of the law is not an excuse;" and (4) his sentence of twenty-five years-to-life was cruel and unusual and disproportionate punishment forbidden by the United States Constitution.

Liberally construed, petitioner's allegations are sufficient to require a response.  The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date of receipt of this order and the petition, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date of receipt of this order.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

4. It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.

///

1 | Petitioner must keep the court and all parties informed of any change of address by filing
2 | a separate paper captioned "Notice of Change of Address." He must comply with the
3 | court's orders in a timely fashion. Failure to do so may result in the dismissal of this
4 | action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
5 |     IT IS SO ORDERED.
6 | DATED: 4/28/08                              *Ronald M. Whyte*
                                                RONALD M. WHYTE
7 |                                             United States District Judge