1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*__E-FILED - 8/7/09__*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VANCE RIDER, | ) | No. C 08-0235 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER SUA SPONTE |
| | ) | GRANTING EXTENSION OF |
| vs. | ) | TIME TO FILE TRAVERSE |
| | ) | |
| BEN CURRY, | ) | |
| | ) | |
| Respondent. | ) | |

On January 14, 2008, petitioner filed the above entitled petition for a writ of habeas corpus. On April 29, 2008, the court found that the petition contained cognizable claims and ordered the respondent to show cause why the petition should not be granted. On August 15, 2008, respondent filed an answer and exhibits. Petitioner failed to file a traverse.

On December 4, 2008, Attorney Richard Such, filed a letter in this court stating that his address is the address on file to receive court documents on behalf of petitioner and he has not received any court documents to date. (Docket No. 11.) A review of the pleadings demonstrate that respondent's answer and exhibits were served upon petitioner by mailing them to petitioner at California Central Training Facility rather than to petitioner "in care of" Richard Such as indicated on the petition.

Accordingly, out of an abundance of caution and in light of the allegation of mental

retardation, the court sua orders respondent to re-serve petitioner with the answer and accompanying exhibits at the address indicated on his petition.  Additionally, the court sua sponte grants petitioner an extension of time to file a traverse.  Petitioner is granted an additional **60 days** from the date of this order in which to file a traverse.

The court notes that Richard Such claims petitioner is using his address rather than his prison address because petitioner's location is subject to change, petitioner is mentally retarded and needs help in this action, and petitioner has difficulty following simple instructions.  Richard Such is not representing petitioner in this action and it is unclear what Richard Such's current relationship to petitioner is in this matter.  The court notes that the memorandum in support of the petition was signed by Richard Such,[1] who appears to have represented petitioner in at least one state court proceeding, but the attorney does not now purport to represent petitioner in this action.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242. A person other than the detained person may file an application for a writ of habeas corpus and establish standing as a "next friend."  See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).  A next friend does not himself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest."  Id.  There are two firmly rooted prerequisites to "next friend" standing:

> First, a next friend must provide an adequate explanation--such as inaccessibility, mental incompetency, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest.  The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

---

[1] While the petition and verification are purportedly signed by petitioner, the court notes that not only are the signatures xerox copies and not original signatures as Richard Such's signature on the memorandum, but the petition and verification are not dated in accordance with the file date of the petition.  For example, although the instant petition was filed on January 14, 2008, petitioner appears to have dated the petition on January 9, 2007.  In addition, the verification sheet is undated.

1

2    <u>Id.</u> at 163-64 (citations omitted).

3          Because it is unclear whether petitioner actually intended to submit the instant petition,

4    the court will require that (a) a copy of the petition and memorandum that has been signed and

5    verified by petitioner and properly dated be filed or (b) Richard Such applies to bring the petition

6    as a "next friend within **20 days** of the date of this order.  **If neither is filed and served within**

7    **the requisite time, the action will be dismissed.**

8          The court clarifies for petitioner that Richard Such has not asked the court to appoint him

9    as counsel to represent petitioner in this action, nor has he moved for next-friend status.  Thus,

10   petitioner is not represented by an attorney and is proceeding on his own behalf.  This means that

11   it is petitioner's responsibility to comply with all court orders in this matter and to sign and file

12   his own pleadings.  The court will not accept further pleadings signed by Richard Such on

13   petitioner's behalf unless Richard Such substitutes in or is appointed as petitioner's attorney of

14   record, or he moves for, and is granted, next-friend status.

15         Due to the importance of the stakes at issue in a habeas petition, the court has to be very

16   certain that the right litigant is present.  Accordingly, the Clerk shall send a copy of this order to

17   petitioner at the address on record, as well as to Vance Rider, T 44920, California Correctional

18   Training Facility, P.O. Box 689, Soledad, CA 93960.

19         IT IS SO ORDERED.

20   DATED: __ 8/5/09 _____

21                                         RONALD M. WHYTE
                                           United States District Judge
22

23

24

25

26

27

28