*E-FILED - 1/28/11*

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| VANCE RIDER,<br><br>    Petitioner,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>    Respondent.<br>_____/ | No.    C 08-0235 RMW<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Vance Rider, a California state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In March 2000, petitioner was residing at the "Armory," a homeless shelter in San Mateo, California. Having been previously convicted of a felony sexual offense, petitioner was required, pursuant to Cal. Penal Code § 290, to register as a sex offender within five days following any relocation, and to update the registration every year within five days of his birthday. When a police officer encountered him at the Armory following his altercation with another person at the shelter, the officer discovered that petitioner had last registered in Oakland in January 1999. After taking up residence at the Armory in November 1999, petitioner had failed to comply with his registration requirements.

1  Following a trial, a jury found petitioner guilty of failing to register as a sex offender. The
2  trial court further found, for purposes of California's Three Strike law, that petitioner had prior
3  felony convictions for oral copulation, attempted manslaughter and three robberies. In light of these
4  findings, petitioner was sentenced 25 years to life.

5  Following extensive litigation in state courts, the California Court of Appeal affirmed the
6  judgment on June 28, 2006. People v. Rider, No. A097996, 2006 WL 1781541. On October 18,
7  2006, the Supreme Court of California denied review.

8  Petitioner filed the instant petition on January 14, 2008, raising the same challenges to his
9  conviction as those raised on direct appeal. Respondent filed an answer on August 15, 2008.
10 Petitioner filed a traverse on October 27, 2009.

## LEGAL STANDARD

13 This court may entertain a petition for a writ of habeas corpus "in behalf of a person in
14 custody pursuant to the judgment of a State court only on the ground that he is in custody in
15 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v.
16 Hodges, 423 U.S. 19, 21 (1975).

17 A district court may not grant a petition challenging a state conviction or sentence on the
18 basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of
19 the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application
20 of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2)
21 resulted in a decision that was based on an unreasonable determination of the facts in light of the
22 evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529
23 U.S. 362, 412–13 (2000). If the state court did not reach the merits of a claim, federal review of the
24 claim is de novo. Nulph v. Cook, 333 F.3d 1052, 1057 (9th Cir. 2003).

25 A federal court must presume the correctness of the state court's factual findings. 28 U.S.C.
26 § 2254(e)(1). The state court decision implicated by 2254(d) is the "last reasoned decision" of the
27 state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991); Barker v. Fleming, 423 F.3d
28 1085, 1091–92 (9th Cir. 2005).

Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001).

## ANALYSIS

**A.  Claim One**

Petitioner contends that the trial court's exclusion of expert opinion evidence from psychologist Dr. William Lynch regarding petitioner's limited intelligence and ability to remember his duty to register as a sex offender violated his constitutional rights to due process, to present a defense, call witnesses and to a jury trial. The trial court's ruling was based on Cal. Penal Code § 28, which provides that evidence of mental defect shall not be admitted to negate capacity to form a mental state with which an accused committed an act. Respondent contends that the state court's denial of this claim was not contrary to or an unreasonable application of Supreme Court authority.

At a hearing conducted pursuant the prosecution's request, Dr. Lynch testified that he had examined petitioner and determined that he had an I.Q. of 69. Rider, 2006 WL 1781541 at * 2. He testified that a person with such a low I.Q. will have difficulty with memory and planning, and that the passage of time would result in the loss or distortion of an instruction to do an act in the future. After the hearing, the trial court granted the prosecution's motion in limine to exclude Dr. Lynch's testimony because it related to an alleged mental defect, a subject prohibited by Cal. Penal Code § 28. Id. at *3.

The California Court of Appeal rejected petitioner's claim, noting:

> Although defendant views the ruling as denying him his right under the United States Constitution to present a defense, our Supreme Court has concluded otherwise: "Sections 28 and 29 do not preclude offering as a defense the absence of a mental state that is an element of a charged offense or presenting evidence in support of that defense. They preclude only expert opinion that the element was not present." (*People v. Coddington*, supra, 23 Cal.4th 529, 583.) These statutes did not preclude defendant from testifying himself, nor presenting corroborating testimony by nonexperts, detailing any previous incidents of forgetfulness, to attempt to establish that his failure to register was attributable to his inability to remember his obligation to register. That did not occur . . . .

> Dr. Lynch did not testify that defendant suffers from any organic disorder or physical cause resulting in a diminution of his ability to remember. Dr. Lynch did not testify that defendant is afflicted with a progressive or degenerative disease that makes him increasingly unable to recall. In fact, according to Dr. Lynch, defendant's memory is "actually pretty good" for some things. At best, Lynch testified, defendant has "difficulty with memory, planning, problem-solving, the kinds of things that generally require more sophisticated brain functioning and overall intellectual sophistication," but defendant has no problem remembering his birthday. Moreover, as Dr. Lynch conceded, "It's hard to argue with the fact that he abided by them [the registration requirements] up to a point."
>
> This is the point that is virtually dispositive. People's Exhibit No. 6 shows that defendant was able to comply with the registrations requirements for a number of years. There is no evidence defendant personally claimed he did not know of his obligation to register. On the contrary, he knew of it and offered excuses to the probation officer: "I forgot to register on my birthday because I was probably drunk.... This is the first and only time I have failed to register." Defendant is therefore unable to claim that he suffers from a " chronic deficit of memory or intelligence." ( *People v. Barker*, supra, 34 Cal.4th 345, 358.) He is not afflicted by an "an involuntary condition so disabling as to rob him of knowledge of his registration obligations under section 290." ( *People v. Sorden*, supra, 36 Cal.4th 65, 72.) Whatever the precise nature of defendant's impairments, singly or collectively they do not meet the strict standard of "the most disabling of conditions." ( *Id*. at p. 69.) "Defendant knew of his obligation to register and, had he taken it to heart, he could have managed to discharge it." ( *Ibid*.)

<u>Rider</u>, 2006 WL 1781541 at * 6-8.

To the extent that petitioner alleges that the trial court erroneously excluded Dr. Lynch's testimony under California law, petitioner is not entitled to relief on such a state law claim. See <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984) (state court's evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process.)

To the extent that petitioner's claim presents a federal question, it fails because petitioner can not demonstrate that the state court ruling was contrary to, or an unreasonable application of, clearly established federal law. Petitioner does not challenge the constitutionality of Cal. Penal Code § 28 upon which the trial court's decision was based. Rather, he contends that the trial court improperly exercised its discretion under this statute. Petitioner, however, does not cite Supreme Court precedent that squarely addresses the constitutionality of a trial court's discretionary exclusion of expert evidence pursuant to a state statute which is constitutional as written. The court thus concludes that the state court's decision was not contrary to, or an unreasonable application of,

Supreme Court precedent. See Moses v. Payne, 555 F.3d 742 (9th Cir. 2009) (in the absence of a controlling standard, state appellate court's determination that trial court's discretionary exclusion of expert testimony did not violate a defendant's constitutional rights was not contrary to or an unreasonable application of clearly established Supreme Court precedent.)

Petitioner cites Holmes v. South Carolina, 547 U.S. 319 (2006), in support of his claim. Holmes, however, does not support his position. In Holmes, the Supreme Court found that a defendant's constitutional rights were violated by an evidentiary rule that prevented the defendant from presenting evidence that a third party had committed the crime if the judge determined that the prosecutor's case was strong. 547 U.S. at 328-31. The Court determined that this evidentiary rule did not rationally serve the goal of "excluding evidence that has only a very weak logical connection to the central issues." Id. at 330. In Holmes, unlike here, a state evidentiary rule on its own terms impinged on a constitutional right to present a complete defense. Other cases cited by petitioner, such as Rock v. Arkansas, 483 U.S. 44 (1987), Chambers v. Mississippi, 410 U.S. 284 (1973), Washington v. Texas, 388 U.S. 14 (1967), are distinguishable on the same grounds.

Even if petitioner's claim were to be construed as a challenge to the constitutionality of Cal. Penal Code § 28, it would likely fail. In Clark v. Arizona, 548 U.S. 735, 770-771 (2006), the United States Supreme Court considered the constitutionality of an Arizona law limiting the presentation of mental capacity evidence on the issue of mens rea. It concluded that a trial court's ruling that evidence of defendant's paranoid schizophrenia was admissible solely to prove a defense of insanity, but inadmissible to rebut the prosecution's evidence of mens rea, did not violate due process. Id. In so doing, the Court upheld states' right to limit the introduction of evidence of mental capacity.

In sum, petitioner has failed to demonstrate that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, claim one is denied.

**B)     Claim Two**

Petitioner alleges that the trial court's final response to the jury's question regarding "willfulness" had the effect of directing a verdict and gave rise to a mandatory presumption in violation of due process.[1]  Respondent asserts that the trial court's response was a correct application of state law.

During deliberations, the jury sent a note to the judge asking, "Is knowing what act is required to be performed sufficient to prove that the failure of the act was willful?" *Rider*, 2006 WL 1781541 at * 4. In response, the court told the jury that "If a person knows what act is required to be performed when he fails to perform such act, a failure to perform this act is willful." Id. Petitioner argues that this response misinterpreted People v. Garcia, 25 Cal. 4th 744, 751 (2001), and erroneously conflated knowledge and willfulness, in effect directing a verdict on willfulness.

The state appellate court rejected petitioner's claim, finding that the trial court's response was a correct application of state law. The court stated:

> In the abstract, defendant's argument might seem to have merit. The actual language of *Garcia*, however, demonstrates that the trial court was not misreading the decision, but faithfully following it. In *Garcia*, our Supreme Court held: "A violation of section 290 requires actual knowledge of the duty to register. A jury may infer knowledge from notice, but notice alone does not necessarily satisfy the willfulness requirement. [¶] . . . Although notice alone does not satisfy the willfulness requirement, a jury may infer from proof of notice that the defendant did have actual knowledge, which *would* satisfy the requirement. (*People v. Garcia*, *supra*, 25 Cal.4th 744, 752.) This is precisely the import of the trial court's final response to the jury.

Rider, 2006 WL 1781541 at * 11.

"To obtain habeas relief following an erroneous response to a jury's request for clarification, a petitioner must show that (1) the response was an incorrect or inaccurate application of state law, (2) constitutional error resulted and (3) the error was not harmless." Richter v. Hickman, 521 F.3d 1222, 1237 (9th Cir. 2008), rev'd on other grounds, 578 F.3d 944 (9th Cir. 2009).

---

[1] Petitioner also finds fault, primarily on state law grounds, with the trial court's responses to the jury's earlier inquiries. As noted above, challenges based on state law are not cognizable on habeas. Pulley, 465 U.S. at 41. Additionally, as noted by the state court, petitioner failed to preserve these claims by failing to object at trial. *Rider*, 2006 WL 1781541 at *10.

Here, the trial court's response to the jury was, in fact, a correct application of state law. As the state appellate court noted, the willfulness element of a violation of Cal. Penal Code § 290 is met when a defendant has actual knowledge of his duty to register but fails to do so. See People v. Sorden, 36 Cal. 4th 65, 69 (2005) (willfulness element of a section 290 violation requires actual knowledge of duty to register) ; People v. Barker, 34 Cal. 4th 345, 359 (2004); Garcia, 25 Cal. 4th at 752 (word "willfully" implies a purpose or willingness to make omission – one cannot purposely fail to perform an act without knowing what act is required to be performed.) Accordingly, the trial court's response to the jury was proper.

Petitioner has failed to demonstrate that he is entitled to habeas relief on claim two. This claim is therefore denied.

**C)   Claim Three**

Petitioner alleges that the use of CALJIC Nos. 1.20, 1.21 and 3.30 violated his constitutional rights because the instructions implied that he could be guilty of willfully failing to register, even if he did not know he was required to do so. CALJIC 1.20 provided: "The word 'willfully' when applied to the intent with which an act is done or omitted means with a purpose or willingness to commit the act or to make the omission in question. The word 'willfully does not require any intent to violate the law, or to injure another, or to acquire any advantage." Rider, 2006 WL 1781541 at *3. CALJIC No. 1.21 provided: "The word 'knowingly' means with knowledge of the existence of the facts in question. Knowledge of the unlawfulness of any act or omission is not required. A requirement of knowledge does not mean that the act must be done with any specific intent." Id. CALJIC No. 3.30 provided: "When a person intentionally does that which the law declares to be a crime, he is acting with general criminal intent, even though he may not know that his act or conduct is unlawful." Id. at *8.

The state appellate court denied this claim, finding that the jury was unambiguously told that "they could not find [petitioner] guilty unless they concluded that he 'had actual knowledge of his duty to register." Rider, 2006 WL 1781541 at *9.

In order to challenge a jury instruction on habeas, a petitioner must prove that the ailing instruction so infected the entire trial that the resulting conviction violates due process. Spivey v. Rocha, 194 F.3d 971, 976 (9th Cir. 1999), citing Estelle v. McGuire, 502 U.S. 62, 72 (1991). "The instruction must be viewed in the context of the entire trial and the jury instructions taken as a whole." Id. The relevant inquiry is "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a manner that prevents the consideration of constitutionally relevant evidence." Boyde v. California, 494 U.S. 370, 380 (1990).

Here, petitioner has failed to demonstrate a reasonable likelihood that the jury applied the challenged instructions in an unconstitutional manner. Along with CALJIC Nos. 1.20, 1.21 and 3.30, the trial instructed the jury that "[i]n order to prove the crime of violating Section 290(g)(2) of the Penal Code, each of the following elements must be proved: one, the defendant was required to register as a sex offender pursuant to Penal Code Section 290 due to a prior felony conviction for a sexual offense; two, the defendant had actual knowledge of this duty to register . . ." *Rider*, 2006 WL 1781541 at *3. The jury was therefore instructed that petitioner could not be convicted unless he had actual knowledge of the registration requirement. As a whole, the instructions expressly conveyed this requirement to the jury.

Petitioner argues that CALJIC Nos. 1.20, 1.21 and 3.30 contradicted the instruction requiring actual knowledge of the registration requirement, giving rise to constitutional error. The instructions, however, were not contradictory. CALJIC 1.20's instruction that the term "willfully" does not require an intent to violate the law does not contradict the requirement that a defendant have actual knowledge of the duty to register. As respondent points out, a defendant need not intend to violate the law to be guilty to violating Cal. Penal Code § 290. Similarly, CALJIC 1.21's admonition that knowledge of the unlawfulness of any act or omission is not required does not contradict the actual knowledge requirement. Finally, CALJIC No. 3.30 provision that a person may act with general criminal intent even if he does not know that his conduct is unlawful does not contradict the actual knowledge requirement either. Since actual knowledge of the duty to register

does not entail knowledge of the unlawfulness of failure to register, there is no inherent contradiction between CALJIC Nos. 1.20, 1.21 and 3.30 and the actual knowledge requirement.

For the above-mentioned reasons, claim three lacks merit and is denied.

**D)    Claim Four**

Petitioner alleges that his sentence of 25 years to life constitutes cruel, unusual and disproportionate punishment forbidden by the United States Constitution.  Respondent contends that the state appellate court's denial of this claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

The state appellate court rejected this claim as follows:

> Defendant's final contention is that his sentence of 25 years to life constitutes cruel and unusual punishment prohibited by the United States Constitution. Since defendant filed his opening brief, the United States Supreme Court has found that California's three strikes law does not violate the Eighth Amendment, even when the latest offense is for a nonviolent, nonserious crime such as petty theft. ( *Lockyer v. Andrade* (2003) 538 U.S. 63, *Ewing v. California* (2003) 538 U.S. 11.) Defendant makes much of the fact that a violation of section 290 was a misdemeanor until 1995, when the Legislature elevated it to a felony. Section 290, and laws like it, have been found not to violate ex post facto prohibitions. ( *Wright v. Superior Court* (1997) 15 Cal.4th 521, 531-533; *see Smith v. Doe* (2003) 538 U.S. 84.) " 'The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future. [Citation.]' " ( *Wright v. Superior Court*, *supra*, at p. 527; accord, *McKune v. Lile* (2002) 536 U.S. 24, 32-34.) A violation of section 290 thus entails a substantial risk of future harm. Together with defendant's history of other serious and violent crimes, his sentence does not qualify as grossly disproportionate.

Rider, 2006 WL 1781541 at *11.

A criminal sentence that is not proportionate to the crime for which the defendant was convicted violates the Eighth Amendment. Solem v. Helm, 463 U.S. 277, 303 (1983).  But "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." Id. at 289–90.  Eighth Amendment jurisprudence "gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle — the precise contours of which are unclear."  Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (internal

9

quotations and citations omitted). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime." Ewing v. California, 538 U.S. 11, 23 ( 2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). "In weighing the gravity of an offense, we must place on the scales not only [the crime at issue]," but a defendant's history of recidivism. Id. at 29. "In imposing a three strikes sentence, the State's interest is not merely punishing the offense of conviction, or the 'triggering' offense: '[I]t is in addition the interest . . . in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law." Id. quoting Rummel v. Estelle, 445 U.S. 263, 276 (1989).

Here, petitioner's sentence is justified by the State's public-safety interest in incapacitating recidivist felons, and supported by his own serious criminal history. According to his probation report, petitioner's first criminal conviction as an adult was for battery in 1976. Resp't's Exh. 1B. The next year, he was convicted of taking a car and brandishing a firearm in separate incidents. In 1978, he pled guilty to three counts of robbery based on seven separate purse-snatching incidents. While on parole in 1981, he was convicted of grand theft. In 1983, he was convicted of forcible oral copulation of a minor and attempted voluntary manslaughter. He was paroled in 1994 and violated parole several times. Id. Petitioner's lengthy criminal history, which includes violent crimes, justifies his sentence.

Petitioner has failed to demonstrate that the state appellate court's determination that petitioner's sentence does not constitute cruel and unusual punishment is contrary to or an unreasonable application of United States Supreme Court precedent. Accordingly, his claim is denied.

**CONCLUSION**

For the reasons set forth above, the petition for a writ of habeas corpus is DENIED. The clerk shall enter judgment in favor of respondent and close the file.

10

Furthermore, a certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

**IT IS SO ORDERED.**

DATED: 1/28/11

**Ronald M. Whyte**
**United States District Judge**

Copy of Order E-Filed to Counsel of Record: